# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA ACADEMY OF MUSIC, : | MISCELLANEOUS ACTION |
| : | No. 10-172 |
| Plaintiff : | |
| : | CHAPTER 11 |
| v. : | No. 10-14377 |
| : | |
| WILLIAM MARK REGITZ, et al., : | ADVERSARY PROCEEDING |
| : | No. 10-346 |
| Defendants. : | |

## MEMORANDUM

**Baylson, J.**                                                                                     **November 30, 2010**

Defendants William Mark Regitz and Karyn Elaine Regitz ("Defendants") filed a Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the Eastern District of Pennsylvania. (ECF No. 1.) Plaintiff Pennsylvania Academy of Music ("PAM") opposes withdrawal, but also filed a Motion to Proceed with Compulsory Arbitration Pursuant to Local Rule 53.2. (ECF No. 6.) After a review of the parties' briefing, and for the following reasons, Defendants' Motion will be **denied** without prejudice and PAM's Motion will be **denied** as moot.

## I. Background

PAM filed for Chapter 11 bankruptcy on May 27, 2010 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On August 23, 2010, PAM commenced an adversary proceeding against Defendants seeking to collect $150,054.32 in unpaid pledges. One month later, Defendants asked this Court to withdraw the reference to the Bankruptcy Court because they do not consent to a jury trial in the Bankruptcy Court and to promote judicial

economy. (ECF No. 1.) PAM opposed the Motion on the grounds that the dispute is a core proceeding, Defendants' jury demand does not require withdrawal, and Defendants have shown no cause for withdrawal. (ECF No. 4.) PAM subsequently reduced its claim against Defendants to $150,000 and asked the Bankruptcy Court to compel arbitration under that court's compulsory arbitration program. Instead, the Bankruptcy Court referred PAM to this Court.

## II. Jurisdiction

District courts have original jurisdiction over all civil proceedings related to Chapter 11 bankruptcy cases. 28 U.S.C. § 1334(b). A civil proceeding is related to bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered. Brock v. Morysville Body Works, Inc., 829 F.2d 383, 385 (3d Cir. 1987) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). In other words, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action and which in anyway impacts upon the handling and administration of the bankrupt estate. Id.

In this case, PAM is seeking to collect additional funds it contends are part of the estate. Thus, any resolution of the issue would effect PAM's rights and the estate. Accordingly, this Court has jurisdiction pursuant to § 1334(b). Venue is proper under 28 U.S.C. § 1409.

## III. Legal Standards and Discussion

Congress permitted district courts to refer any or all proceedings related to a case under Title 11 to the district's bankruptcy judges. 28 U.S.C. § 157(a). This Court availed itself of that option in Bankruptcy Administration Orders dated July 25, 1984, November 8, 1990, and June 29, 1992. Nevertheless, district courts may exercise their discretion and withdraw the reference, or may be required to withdraw the reference. See 28 U.S.C. § 157(d). Mandatory withdrawal is

appropriate where the claim at issue requires consideration of federal law other than Title 11. See In re Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co., 272 B.R. 104, 107 (E.D. Pa. 2001). PAM's claim against Defendants is a state-law breach of contract claim and does not require consideration of federal law.

On the other hand, a court "may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Although there is no statutory definition for "cause shown," the Third Circuit has identified several factors district courts should consider in deciding motions to withdraw.

> The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). Courts also consider the timing of the request and whether the party has requested a jury trial. E.g. R.M.F. Global, Inc. v. Cattan, No. 04-593, 2006 WL 6019579, at *1-2 (W.D. Pa. July 27, 2006). The party seeking withdrawal bears the burden of showing cause. In re Nickels Midway Pier, LLC, No. 09-6290, 2010 WL 415328, at *3 (D.N.J. Jan. 28, 2010). Defendants assert cause based on their Seventh Amendment right to a jury trial and promotion of judicial economy.

In determining whether cause is shown, courts generally begin by considering the threshold question of whether the matter to be withdrawn is core or non-core, because it effects the Bankruptcy Court's power to enter final judgment. Davis v. Deutsche Bank Nat'l Trust Co. (In re Davis), No. 06-123, 2006 WL 3392167, at *2 (E.D. Pa. Nov. 20, 2006); see 28 U.S.C. § 157(b), (c). The Third Circuit has held that a proceeding is "core" under § 157 if it invokes a substantial right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in

the context of a bankruptcy case. In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996). The parties disagree about the appropriate categorization of their dispute, but for the sake of argument, the Court will assume the proceeding is non-core. See Valley Forge Plaza Assocs. v. Fireman's Fund Ins. Cos., 107 B.R. 514, 516 (E.D. Pa. 1989) (Pollak, J.) (opining withdrawal is much more likely for non-core proceedings because bankruptcy judges may not enter final orders or judgments in such matters). This assumption preserves Defendants' main basis for seeking withdrawal – their right to a jury trial.

Under this assumption, Defendants are correct that, absent their consent, any jury trial must be conducted in the District Court. See 28 U.S.C. § 157(e) ("[B]ankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.") (emphasis added). But,

> [a]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal. It is well-settled that a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial. A District Court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter. Courts have recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial.

Williams v. Avnet, Inc. (In re Techs. Liquidations Co.), No. 07-177, 2007 WL 1152518, at *1 (W.D. Pa. Apr. 17, 2007) (alterations and quotation marks omitted).

Moreover, the fact that Defendants are entitled to a jury trial in this Court does not mean pre-trial proceedings must be conducted in the District Court. Rather, at this stage, the decision to withdraw is discretionary: the Court may "withdraw[] the entire adversary matter, or withdraw[] only the trial portion, leaving the pre-trial and discovery matters to be handled by the

bankruptcy judge." In re Nw. Inst. of Psychiatry, Inc., 272 B.R. at 111; see Miller v. Parker, No. 07-26, 2007 WL 925915, at *1 (E.D. Pa. Mar. 22, 2007) (Baylson, J.).

These principles are apropos because PAM seeks to compel arbitration, which may entirely resolve the parties' dispute. In the event Defendants are unsatisfied with the arbitration result, they are entitled to a trial _de novo_. Although the Bankruptcy Court's local rules provide for that trial to take place in the Bankruptcy Court, see Bankr. E.D. Pa. L.B.R. 9019-2, Defendants' motion for withdrawal of the reference would be more appropriate at that time. Further, Defendants filed their pending Motion only one month after PAM initiated the adversary proceeding and on the same day they answered PAM's claim, meaning the Bankruptcy Court has not had time to address any pre-trial or discovery issues. Finally, PAM anticipates filing approximately twenty-five adversary proceedings to collect outstanding pledges. Consolidation of this volume of cases in one forum before one tribunal familiar with the ongoing bankruptcy proceedings would be advantageous to uniformity, expediency, clarity, and conserving resources. See In re Pruitt, 910 F.2d at 1168. In short, at this juncture withdrawal is premature.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the Eastern District of Pennsylvania (ECF No. 1) is denied without prejudice, and PAM's Motion to Proceed with Compulsory Arbitration Pursuant to Local Rule 53.2 (ECF No. 6) is denied as moot. PAM may seek to compel arbitration in the Bankruptcy Court. An appropriate Order will follow.

O:\Todd\10-172 PAM v. Regitz et al\PAM - Motion to Withdraw Reference Memorandum - draft 3.wpd